# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| FANNIE KING-BROWN, | * |
| | * |
| Plaintiff, | * |
| vs. | * |
| | * CIVIL ACTION NO. 17-00232-KD-B |
| ALABAMA HIGH SCHOOL | * |
| ATHLETIC ASSOCIATION, | * |
| *et. al.*, | * |
| | * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

This case is before the Court on Defendant Alabama High School Athletic Association's Motion to Dismiss Plaintiff's complaint. (Doc. 8). The motion, which has been fully briefed and is ripe for resolution, has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. CivLR 72(a)(2)(S). Upon consideration of all matters presented, the undersigned RECOMMENDS, for the reasons stated herein, that Defendant Alabama High School Athletic Association's Motion to Dismiss be **GRANTED**.

### I. Background Facts

Plaintiff Fannie King-Brown, proceeding pro se, commenced this action on May 22, 2017, against the Alabama High School Athletic Association (hereinafter "AHSAA") and Mobile County Public Schools (hereinafter "MCPS"). (Doc. 1). Ms. King-Brown

contends that Defendants have subjected her to employment discrimination on the basis of her gender and race, in violation of Title VII of the Civil Rights Act, the Lilly Ledbetter Fair Pay Act, and the Equal Pay Act. (Id. at 1). According to Ms. King-Brown, MCPS unlawfully terminated her from her position as coach of the Murphy High School girls' basketball team, although her male comparators were not terminated or removed from their positions for similar infractions. She further alleges that lesser qualified male comparators received promotions that were denied to her and that they received better compensation than her. Additionally, Ms. King-Brown asserts that AHSAA, in its role as the governing body for athletics and programs for public schools in the state of Alabama, acceded to, and ratified, MCPS's wrongful and discriminatory treatment of her and failed to investigate her complaints or provide accommodations, as required by applicable law.

Defendant AHSAA filed the instant motion seeking the dismissal of Ms. King-Brown's complaint. (Doc. 8). Specifically, AHSAA contends that Ms. King-Brown's complaint should be dismissed as a matter of law because she was never employed by AHSAA. (Id. at 2). In support of its position, AHSAA attached to its motion a copy of the charge that Ms. King-Brown filed with the Equal Employment Opportunity

Commission ("EEOC"). (Doc. 8-2). In the charge, Ms. King-Brown avers that she was hired by MCPSS and terminated by William Smith, the principal of Murphy High School. (Id.).

In her response in opposition to AHSAA's motion (doc. 13), Ms. King-Brown acknowledges that she was not employed by AHSAA, but argues that AHSAA can still be held liable under Title VII even in the absence of an employment relationship. (Id. at 1). She does not address her Equal Pay Act claim in her response.

## II. Standard of Review

As a preliminary matter, the undersigned observes that when considering a pro se litigant's allegations, a court gives them a liberal construction, holding the litigant to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595-96, 30 L. Ed. 2d 652 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (relying on Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon

v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting GSW, Inc. v. Long County, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor of the plaintiff. St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002). However, the court is not required to accept a plaintiff's legal conclusions. Iqbal, 556 U.S. at 678 (noting that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Rule 12(b)(6) is read in light of Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 157 L. Ed. 2d

4

929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). In Iqbal, the Supreme Court reiterated that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint must state a plausible claim for relief, which occurs "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. Id. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

Typically, a court reviewing a motion to dismiss under Rule 12(b)(6) is limited to the four corners of the complaint. See Bickley v. Caremark RX, Inc., 461 F.3d 1325, 1329 n. 7 (11th Cir. 2006). If, however, the complaint refers to documents that are central to the case, those documents may be considered part of the pleadings. See

Jordan v. Miami-Dade County, 439 F. Supp. 2d 1237, 1240 (S.D. Fla. 2006). Similarly, courts may consider any document attached to a motion to dismiss without treating the motion as one for summary judgment so long as the plaintiff has referred to the document in its complaint, the document is "central" to the claims, and the authenticity of the document is unchallenged. See Bickley, 461 F.3d at 1329 n. 7; Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005) ((citing Harris v. Ivax Corp., 182 F.3d 799, 802 n. 2 (11th Cir. 1999)).

In the context of employment discrimination cases, courts routinely consider the EEOC charge when reviewing a motion to dismiss. Chestnut v. Ethan Allen Retail, Inc., 2013 U.S. Dist. LEXIS 135346 at *3, 2013 WL 5290123 (N.D. Ga. Sept. 20, 2013); Nixon v. United Parcel Serv., Inc., 2013 U.S. Dist. LEXIS 180129, 2013 WL 6815719 (M.D. Ga. Dec. 24, 2013). While Ms. King-Brown did not file a copy of her EEOC charge in this case, and did not reference the charge in her complaint, the Court finds that the charge is central to her case given that a plaintiff must timely file a charge with the EEOC in order to proceed on a claim under Title VII. See Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001). Further, she has not challenged the authenticity of the charge. Therefore, the Court may

consider the EEOC charge submitted by AHSAA without converting its motion to dismiss into a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.[1]

**III. Analysis**

As noted, Defendant moves to dismiss Plaintiff's claim on the basis that it did not employ Ms. King-Brown and, thus, cannot be held liable for her claims under Title VII or the Equal Pay Act. (Doc. 8 at 3).

**a. Title VII**

Title VII of the Civil Rights Act makes it "an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to [their] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). Generally, only a party named in an EEOC charge can subsequently be charged in a lawsuit filed in court under Title VII. Virgo v. Riviera Beach Assocs., Ltd., 30 F.3d

---

[1] The Court has not, however, considered the affidavit of Steven P. Savarese, which was also submitted in support of Defendant AHSAA's motion to dismiss. (Doc. 8-1). Consideration of the affidavit, which contains various factual assertions and conclusions, would require that Defendant's motion be converted into a motion for summary judgment. The undersigned declines to do so at this early stage of the proceedings.

1350, 1358 (11th Cir. 1994). "This naming requirement serves to notify the charged party of the allegations and allows the party an opportunity to participate in conciliation and voluntarily comply with the requirements of Title VII." Id. However, courts liberally construe the naming requirement and, where Title VII's purposes are fulfilled, a party not named in an EEOC charge may be subject to federal court jurisdiction. Id. at 1358-59. In determining whether the purposes of the Act have been met, court consider: (1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation process; and (5) whether the unmanned party actually was prejudiced by its exclusion from the EEOC proceedings. Id.

In this case, Ms. King-Brown lists the Mobile County Public School as her employer in her EEOC charge. According to the EEOC charge, Ms. King-Brown was initially hired as a health and physical education teacher, and was later terminated from her position as the head girls' basketball coach at Murphy High School by William Smith, the principal,

8

for violating an AHSAA bylaw involving student try-outs. There is nothing in the EEOC charge that suggests that Ms. King-Brown was employed by AHSAA, nor is there anything before the Court indicating that AHSAA had notice of her charge or an opportunity to participate in the reconciliation process. Thus, Ms. King-Brown's Title VII claims against AHSAA should be dismissed.

It is also noteworthy that in Ms. King-Brown's response to AHSAA's motion to dismiss, she acknowledges that AHSAA was not her employer. (Doc. 13 at 1). She argues that, notwithstanding the absence of an employer-employee relationship, AHSAA can still be held liable for her claims and cites <u>Covington v. International Ass'n of Approved Basketball Officials</u>, 710 F.3d 114 (3d. Cir. 2013), as support for her assertion. (Doc. 13 at 1). Ms. King-Brown's reliance on the <u>Covington</u> decision is misplaced.

In <u>Covington</u>, the plaintiff, a female high school basketball official, alleged Title VII gender discrimination against various organizations which would not allow her to officiate boys' high school varsity basketball games. <u>Id.</u> at 116. The Third Circuit held that in order to state a Title VII claim, the plaintiff was required to allege an employment relationship with the defendants, and that the Court had to consider various

9

factors, such as "the level of control the defendant[s]. . . exerted over the plaintiff, which entity paid [the employees'] salaries, hired and fired them, and had control over their daily employment activities." Id. at 119. The Court found that those entities that had input regarding the selection, scheduling, and payment of game officials for the various basketball games were properly treated as employers at the motion to dismiss stage; however, a separate entity that did not pay game officials, and did not contribute to their training or evaluation was properly dismissed, as no employment relationship existed with that entity. Id. at 119-120. Thus, contrary to Ms. King-Brown's assertions, the Covington decision did not hold that Title VII liability could be established in the absence of an employment relationship.

The Eleventh Circuit has stated:

> [G]enerally, this circuit has adopted the "economic realities" test to determine whether a Title VII plaintiff is an employee. See Cobb v. Sun Papers, Inc., 673 F.2d 337, 340-41 (11th Cir. 1982). Under this test, the term "employee" is "construed in light of general common law concepts" and "should take into account the economic realities of the situation," "viewed in light of the common law principles of agency and the right of the employer to control the employee." Id. Specifically, the court should consider factors such as whether the defendant directed the plaintiff's work and provided or paid for the materials used in the plaintiff's work. Id. at 341.

Cuddeback v. Florida Bd. Of Educ., 381 F.3d 1230, 1234 (11th Cir. 2004). While it is necessary for courts to consider all of the circumstances of the work relationship, the Eleventh Circuit has stressed that the most important factor is "the extent of the employer's right to control the "means and manner" of the worker's performance . . ." Id. at 340 (quoting Spirides v. Reinhardt, 613 F.2d 826, 832 (D.C. Cir. 1979)).

As noted supra, Ms. King-Brown has acknowledged that she was not employed by Defendant AHSAA. Additionally, her complaint is devoid of any facts that suggest that AHSAA compensated Ms. King-Brown or paid for her work materials, established her work hours, directed her work duties or exercised any control over the "means and manner" of the performance of her job. Accordingly, the Court finds that Ms. King-Brown was not employed by Defendant AHSAA for purposes of liability under Title VII.

### b. Equal Pay Act

AHSAA argues, as a preliminary matter, that "at a bare minimum, [Defendant's] Motion to Dismiss Count Two of Plaintiff's Complaint (Equal Pay Act) should be granted as uncontested." (Doc. 14 at 1). In support of its position, AHSAA points out that Plaintiff's reply in opposition to Defendant's motion to dismiss only addressed her Title VII

11

claim. (Id.). However, courts in this district have routinely held that "[they] will not treat a claim as abandoned merely because the plaintiff has not defended it in opposition to a motion to dismiss." Gailes v. Marengo County Sheriff's Dept., 916 F. Supp. 2d 1238, 1243 (S.D. Ala. 2013). Therefore, this Court will base its recommendation on a "review [of] the merits of the defendant's position . . ." Id. at 1243-44.

AHSAA also argues that, like her Title VII claim, Ms. King-Brown's Equal Pay Claim should be dismissed because AHSAA did not employ her, and she has acknowledged such. In her complaint, Ms. King-Brown alleges that Defendants violated the Equal Pay Act by paying her less "than her male comparators." (Doc. 1 at 5). The Equal Pay Act defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization." 29 U.S.C. § 203(d). To determine whether an entity qualifies as an "employer" for purposes of the Equal Pay Act, courts engage in a totality of the circumstances analysis, which includes determining "whether . . . the employment takes place on the premises of the company . . .; how much control . . . the company exert[s] over the employees . . .; [and whether] the company [has] the power to

fire, hire, or modify the employment condition of the employees . . ." Wirtz v. Lone Star Steel Co., 405 F.2d 668, 669 (5th Cir. 1968).[2]

As set forth *supra*, Ms. King-Brown has acknowledged that she was not employed by Defendant AHSAA. Additionally, her complaint is devoid of any facts suggesting that AHSAA compensated Ms. King-Brown or paid for her work materials, established her work hours, directed her work duties or exercised any control over the "means and manner" of the performance of her job duties. While Ms. King-Brown alleges, in her EEOC charge, that she participated in a meeting with representatives of Murphy, the Mobile County Public School System, and AHSAA, her EEOC charge and complaint are devoid of any facts that suggest that AHSAA had any power to "fire hire, or modify" her employment, or otherwise exercised any control over her employment. Accordingly, this Court finds that, under the totality of the circumstances, Defendant AHSAA was not Plaintiff's employer for purposes of liability under the Equal Pay Act.

---

[2] All Fifth Circuit decisions handed down prior to the close of business on September 30, 1981, are binding on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

**IV. Conclusion**

Based on the foregoing, the undersigned RECOMMENDS that the Defendant AHSAA's Motion to Dismiss be **GRANTED**.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed. R. Civ. P.** 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error, if necessary, "in the interests of justice." *11th Cir. R. 3-1*. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the

place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **30th** day of **January, 2018.**

                                          **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**